IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00330-ZLW

JAMES H. HARRELL,

    Plaintiff,

v.

DEPUTY THOMPSON, # 8831,
DEPUTY WISKERS,
DEPUTY SPAIN,
PATRICK J. SULLIVAN FACILITY, and
P.J.S. MEDICAL STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 24 2007

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

On May 11, 2007, Plaintiff James H. Harrell, a state prisoner, filed a *pro se* Letter with the Court requesting that the Court reopen the instant action. The Court must construe the Letter liberally because Mr. Harrell is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Letter will be construed as a Motion to Reconsider and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Harrell filed the Motion to Reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the Motion pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. Harrell failed to cure the deficiencies. More specifically, Mr. Harrell failed to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis*. Mr. Harrell alleges that due to his illiteracy he was unable to provide a statement quick enough, and until recently he was uninformed about a trust fund account statement. He further asserts that he was in lock down from March 22, 2007, until April 21, 2007. Mr. Harrell also attaches to the Motion to Reconsider a certified copy of his inmate trust fund account statement dated May 7, 2007, and a copy of a request for the statement dated May 6, 2007.

Mr. Harrell's belated efforts to cure the deficiencies in this action do not justify a decision to vacate the order of dismissal. The Prisoner's Motion and Affidavit form that Mr. Harrell completed and filed in this action specifically states that a certified copy of the inmate's trust fund account statement must be submitted with the Motion and Affidavit. Mr. Harrell also concedes that he received a copy of the March 15, 2007, Minute Order instructing him to provide a certified copy of his trust fund account statement. If he did not understand the Court's directive he should have communicated with the Court his lack of understanding, which he did not do. Furthermore, he does not state that he was unable to send correspondence to the Court during the time he was in lock down. Therefore, the Motion to Reconsider will be denied.

Mr. Harrell is reminded that because the Court dismissed the instant action without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Letter, filed May 11, 2007, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied. It is

FURTHER ORDERED that Plaintiff's request for appointment of counsel, asserted in the Motion to Reconsider, is denied as moot.

DATED at Denver, Colorado, this 24 day of May, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00330-BNB

James H. Harrell
Prisoner No. 06-364
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk